for the court to determine from the prosecution history without the introduction of additional evidence, except, when necessary, testimony from those skilled in the art as to the interpretation of that record." 344 F.3d at 1370. In my view, the prosecution history in this case and our analysis of that history in *Insituform II* and in our prior decision in *Insituform, Inc. v. Cat Contracting, Inc.*, 99 F.3d 1098 (Fed.Cir. 1996) (*"Insituform I"*), make it clear that Insituform's amendment narrowing the scope of its claim coverage from multiple cups to a single cup was, in the parlance of *Festo I*, "tangential." I see no need for expert testimony. The prosecution history and *Insituform I* and *II* establish that the narrowing amendment in this case was for the purpose of distinguishing the invention over the prior art Everson patent. During prosecution, Insituform stated that the difference between its process and Everson was that its process did not have the disadvantage of the need for a large compressor at the end of the pipe liner. There is no indication in the prosecution history of any relationship between the narrowing amendment and a multiple cup process, which is "the equivalent in question" in this case. Thus, as indicated above, I would affirm the judgment of infringement and would adjudicate the remaining issues in the case.

For the foregoing reasons, I respectfully dissent from the court's remand order.

### In re GOLDEN TOO, INC.

No. 04–1032.

United States Court of Appeals, Federal Circuit.

Jan. 22, 2004.

ORDER

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

### In re AMERICAN REFINING GROUP, INC.

No. 04–1025.

United States Court of Appeals, Federal Circuit.

Jan. 22, 2004.

ORDER

The appellant having failed to file the brief required by Federal Circuit Rule

31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

### FORMER EMPLOYEES OF DE-ZURIK CORP., Plaintiffs–Appellants,

v.

### Elaine CHAO, Secretary of Labor, Defendant–Appellee.

#### No. 02–1320.

United States Court of Appeals, Federal Circuit.

Jan. 22, 2004.

### ORDER

The parties having so agreed, it is

ORDERED that the proceeding is DISMISSED under Fed. R.App. P. 42(b).

### SINGLETON CONTRACTING CORPORATION, Appellant,

v.

### Les BROWNLEE, Acting Secretary of the Army, Appellee.

#### No. 04–1119.

United States Court of Appeals, Federal Circuit.

Jan. 23, 2004.

### ORDER

On December 15, 2003, the court served Singleton Contracting Corporation ("Singleton") with notice of the requirements set forth in 28 U.S.C. § 1654 and Fed. Cir. R. 47.3. Singleton has failed to obtain counsel, and have said counsel file an entry of appearance.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) This appeal is hereby dismissed.

(2) Each side shall bear its own costs.